McKinney, J.,
delivered the opinion of the Court.
This was an action of unlawful detainer, brought by Howard against Terry.
The facts, so far as they are presented in the record, are embodied in a special verdict found by the jury on the trial in the Circuit Court. From which it appears that one Agatha D’Entraigne, a French woman, prior to the year 1854, settled upon a tract of land in Perry county, containing upwards of three hundred acres — being the same tract of land in controversy in this action. There were two tenements on said tract, one of which she occupied herself, and the other, with part of the land, she rented to one A. J. Johnson for the year 1854. In June, 1854, said Agatha departed this life, having previously made and published her last will and testament, by which she devised said tract of land to certain relatives who are residents of France. Upon her death, the house and premises occupied previously by her were left vacant; and soon after, said Johnson, her tenant, intruded himself into the same. Being thus in possession, said Johnson pretended to take a lease for 1855 of said entire tract of land from the plaintiff Howard, who, so far as appears from this record, had no color of right to said land; and, in the early part of 1855 the defendant Terry entered into possession, under Johnson, of one of the tenements upon said land; and refusing to surrender the possession to Howard — who assumed that, by operation of law, the relation of landlord and tenant had been created between Terry and himself, by reason that Terry had entered under Johnson, the so-called tenant of *421 Howard — this action was brought to recover the possession.
It does not appear whether the deceased left any relatives in the United States capable of inheriting said land.
Upon the foregoing facts, the Circuit Judge correctly held that the plaintiff could not maintain an action against the defendant for the recovery of the possession. The arrangement between Howard and Johnson was obviously a most fraudulent and barefaced scheme to acquire a title by stealth, in prejudice of the rights of whoever might be lawfully entitled to succeed to the rights of the deceased; out of which the relation of landlord and tenant, as between Howard and Terry, could not arise by construction of law, in consequence of Terry’s having entered under Johnson.
Whether or not effect can be given to the will of the deceased in favor of the foreign devisees, is a question not properly raised upon this record, and therefore we intimate no opinion upon that point. If not, then the land must be held to have escheated to the State, instantly upon the death of Agatha D’Entraigne, for the benefit of common schools.
And whether the devisees or the State shall be held entitled to succeed to the estate, the same legal consequence must follow, namely, that Johnson, who was the tenant of the deceased, will continue in law to sustain the same relation of tenant to the person or persons who by law are entitled to succeed to the rights of the deceased, until his disclaimer of such relation shall have been made known to such person or persons. It follows, therefore, that the collusive attornment of Johnson to *422 Howard was inoperative to change the relation in wbicb the law placed Johnson toward those entitled to the land; and it ■ likewise follows that Terry, so far from becoming the tenant of Howard, continues in the same predicament with Johnson, and must be regarded as holding possession for those entitled to take the land.
Judgment affirmed.